Petition For Writ of Habeas Corpus 28 USC § 2254 (Rev 9/10) Adopted By All Federal Courts In Texas

Case 1:23-cv-00029-C Document 1 Filed 02/02/23 Page 1 of 12 PageID 1

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS ABILENE DIVISION

FILED
February 2, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

Page 1

# Petition For A Writ Of Habeas Corpus By A Person In State Custody

Durand Armon Toson
Petitioner
(Full name of Petitioner)

French M. Robertson unit
Current Place of Confinement

vs.

02206334
Prisoner ID Number

Jennifer Crozby
Respondent
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

1:23-cv-00029
Case Number
(Supplied by the District Court Clerk)

Rev. 09/10

## Petition

What are you challenging? (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation (Answer questions 1-4, 5-12, 20-25)
- ☐ A parole revocation proceeding. (Answer questions 1-4, 13-14 and 20-25
- ☑ A disciplinary proceeding. (Answer questions 1-4, 5-19 and 20-25
- ☐ Other: _____ (Answer questions 1-4, 10-11 and 20-25

All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: Eastern District, Jefferson County

2. Date of judgment of conviction: I do not know exact day but month and year are April, 2018
3. Length of sentence: 8 years
4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Do not wish to challenge a freeworld criminal conviction

Disciplinary Proceedings:

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? Yes or no? No if this question is pertaining to my disciplinary case or proceeding. Yes if this question is pertaining to my freeworld criminal conviction I am currently serving sentence.

16. Are you eligible for release on mandatory supervision? ☑ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: French M. Robertson unit, Texas Department of Criminal Justice, 12071 FM 3522, Abilene Texas 79601.

Disciplinary case number: 20230040265

What was the nature of the disciplinary charge against you? 24.0 Refusing or failing to obey orders, Non compliance with a legitimate order from a staff member. Charging officer allegedly gave me orders to go to my building based off false accusations that I passed him twice this day.

18. Date you were found guilty of the disciplinary charge against you? November 3rd 2022

Did you lose previously earned good-time days? ☑ Yes  ☐ No

If your answer is "Yes", provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: I cannot answer entirely accurately due to me putting my copy of the results of my hearing attached to my appeal which Unit Grievance Investigator stolen my copy I attached for evidence.

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: Demoted to G5 custody level. I cannot accurately identify my punishments due to my copy of the results of my hearing being stolen off my step 1 grievance by the Unit Grievance Investigator.

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☑ Yes  ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: Denied overturn of this case

Date of Result: Closed at step 1 on November sixteenth 2022

Step 2 Result: Denying return of this grievance as of today's date Feb 1st 2023

Date of Result: Due since Dec. 18th 2022. No proper due notice of extension. Denying return

Page #4

All petitioners must answer the remaining questions

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

A. Ground one: My rights under the United States Constitution, 14th amendment and 5th amendment under due process clause to procedural due process or substantive due process was violated specifically my procedural due process rights in my hearing for disciplinary case no. 20230040265.

Fact #1: Disciplinary Hearing Officer Alan Merchant on the recorder November 3rd 2022 in a biased disciplinary hearing for disciplinary case no. 20230040265 denied evidence of a camera review saying it's due to no audio. I explained at the recording of my hearing camera review between 10:00 AM to time of alleged disciplinary violation accused by charging officer Franklin Holman on disciplinary case no. 20230040265 proves false allegations and testimony by Holman who said I seen you twice this day and you already ate. I explained camera review shows my every location that day on the recorder at my hearing.

Fact #2: Disciplinary Hearing Officer Alan Merchant recessed my hearing and excluded from the hearing my presence retaliations.

Fact #3: My counsel substitute Mollie Burnham denied my requested evidence of a camera review between 10:00 AM to time of alleged disciplinary violation for disciplinary case no. 20230040265 of 12:30 pm October 27th 2022 and Burnham said I was only allowed 15 minutes foward or 15 minutes prior to time of 12:30 pm on alleged disciplinary violation time occurrence. Mollie Burnham denied this evidence November 1st 2022 around 9:50 am on Robertson Unit's 12 building B pod 59 cell in which Mollie Burnham also denied my witnesses and failed to inform me of my rights.

Fact #4: On November 3rd 2022 at the recording of my disciplinary my counsel substitute denied evidence of my requested camera review time of 10:00 AM to time of alleged disciplinary violation for case no. 20230040265 of 12:30 pm October

27th 2022 and submitted evidence of only 15 minutes prior or after 12:30 pm.

Fact #5: Grievance appeal # 202302870 for disciplinary case no. 20230040265 was submitted by me on camera to Robertson unit's 8 building grievance box on November 18th 2022 on step 2 and had a due date of December 18th 2022. No due notice of extension was given on the proper notice of extension form to notify of the once allowed extension and as of January 30th today's date if my grievance was extended on this one time allowed extension I still have not recieved my disciplinary appeal back and have put in numerous request. I submitted my appeal and return is being denied.

Fact #6: On October 27th 2023 I recieved punishment before any formal disciplinary hearing was held for case no. 20230040265 by locking me in pre-hearing detention on 12 building B pod 58 and 59 cell when I did not meet criteria for pre hearing detention.

B. Ground Two: My rights under the United States Constitution's 1st amendment and due process clause of the 14th amendment to seek and petition the government for redress of grievances free from retaliation and reprisals as adverse actions to me exercising this right were violated.

Fact #1: On October 27th 2023 at French M. Robertson unit around 12:30 pm security staff Laurent P. Massouema, Franklin Holman and Myisha S. Taylor conspired to injure me as a plaintiff and retaliate against me due to lawsuit case no. 1:22-CV-00061-BV by giving me disciplinary case no. 20230040265. Everything refered to is on camera.

Fact #2: Minutes before I was stopped by charging officer to disciplinary case no. 20230040265 on October 27th 2022 around 12:30 pm I was first stopped by sergeant Laurent P. Massouema who said as he was standing at his post during chow this day that at this time it was his second time seeing me pass him at this post and that I had already eaten chow. Massouema made retalitory comments regarding my lawsuit on Myisha S. Taylor, Captain case no. 1:22-CV-00061-BV and followed me to 7 chow hall where lieutenant Franklin Holman was waiting. On camera.

Fact #3: Around 12:30 pm I arrived by 7 chow hall according to disciplinary

case no. 20230040265 on the time followed by sergeant Laurent P. Massouema on October 27th 2022 and lieutenant Franklin Holman made the same false accusations as Massouema that at his post near 7 chow hall this day that it was second time seeing me pass him at this post and that I had already eaten chow and then made retalitory comments regarding my lawsuit case no. 1:22-cv-00061-BV against Myisha S. Taylor and said he would lock me up due to my lawsuit on Captain Taylor and did so taking me to Robertson unit's 12 building. On camera

Fact #4: On October 27th 2022 11:30am and 1:00pm I was escorted in handcuffs to Robertson unit's 12 building where Captain Myisha S. Taylor was awaiting my arrival at 12 building's entrance. I was escorted by lieutenant Franklin Holman. Taylor begin making comments against case no. 1:22-cv-00061-BV my lawsuit against her and said she had a pre-prepared cell especially for me. Taylor and Holman knowingly placed me in a cell with a very obvious strong and sharp odor of feces and urine reeking from it and a very obvious to the sight of an overflow of feces and urine from the broken toilet and I also told them. As I had to be removed from this cell by other officer's due to the broken toilet on November 1st 2022 between 7:30 and 8:30 am maintenance fixed and repaired this broken toilet. My original cell with the broken toilet is 12 building Bpod 58 cell I was moved to 12 B Bpod 59 cell.

Fact #5: Captain Myisha S. Taylor is being sued by me in federal court lawsuit case no. 1:22-cv-00061-BV due to her September 27th 2021 due process violations in which she held court on a disciplinary case without my knowledge or presence which is why she chose the retalitory day of the 27th of October 27th 2022 to conspire with Holman and Massouema to give me a false disciplinary case no. 20230040265. My lawsuit in the Northern District of Texas, Abilene Division U.S.D.C.

Fact #6: On October 27th 2022 around 11:30 am and 1:00 pm Lieutenant Franklin Holman placed me in 12 building Bpod 59 cell that had a very obvious sharp and strong odor of urine and feces and very obvious to the sight of an overflow of urine and feces from the cell's broken toilet that I also verbally expressed to Holman and Taylor. Holman made comments about the feces, urine and

my lawsuit against Myisha S. Taylor case no. 1:22-CV-00061-BV. Holman stripped me naked and then took my pen, stamps and 2 outgoing letters I had addressed to the Abilene Police Department and the Jones County District Attorney making comments that I would not be able to contact the court which lawsuit case no. 1:22-CV-00061-BV on Myisha S. Taylor to tell them about retalitory disciplinary case no. 20230040265. On camera.

Fact #7: C.O. Terrance L. Frank, Sergeant Preston A. Watts and 2 other John Doe's directly before my disciplinary hearing for case no. 20230040265 came to my cell on 12 building B pod 59 cell while Watts and Frank forced me to strip naked and made sexual harrassment comments towards me, my hand-cuffs were then put on very loosely and I was removed from my cell and taken some feet away from cell to the nearby shower where Watts stood holding my left arm and Frank holding my right C.O. Frank roughly twisted and dug his nails into my arm which there is pictures of both Frank and Watts tried to incite me to take my handcuffs off and fight them as we stood in front the shower for minutes as they did this on camera. Frank, Watts and the 2 John Doe's then went into my cell trashing my cell flushing my legal mail and materials, put one of my Black's Law Dictionary in the toilet and threw out my personal items, clothes, bedding, blanket and mattress and inserted me back in my cell making further sexual harrassment comments by Watts and Frank I was threathed with bodily injury from Watts and Frank who admitted they were conspiring with Myisha S. Taylor and my Disciplinary Hearing Alan W. Merchant in retaliation orchestrated by Watts to tell me that I needed to drop my lawsuit case no. 1:22-CV-00061-BV against Taylor and watch my fucking mouth at my disciplinary hearing for case no. 20230040265 pertaining to Taylor's retaliation. This total occurence happened around 1:30pm and 3:00pm. On camera.

Fact #8: Displeased of my choice of words or requesting evidence and pointing out false testimony after my Disciplinary Hearing officer excluded me from my hearing for case no. 20230040265 C.O. Frank returned the next day after my hearing for further retaliation on November 4th 2022 on 12 building B pod at my cell of 59 cell as I was supposed to be handcuffed

Page 8/11

at all times around 8:30 to 9:42 AM C.O. IV Terrance L. Frank opened my cell door and begin threatning me with bodily injury and challenging me to fight him. I simply got on to my knee's and begged him to please stop retaliating against me and call rank Frank then went into my cell removed all my clothing and bedding and some personal items and then forced me to take off the only piece of clothing I had on which was my boxers and made sexual harra-ssment comments this was done on the run in front of my cell in the sight of all other inmates. Frank made comments that he and Watts told me to watch my fucking mouth at my disciplinary hearing for case no. 20230040265 and that I needed to drop my lawsuit against Taylor.

Fact #9. To end retaliations momentarily on November 7th 2022 as I was sucessfully demoted to G5 custody in false retalitory disciplinary case, 202300-40265 after my unit Classification committee hearing this day after I was escorted to the chain bus around 9:30 am - 10:18 AM by C.O. IV Amanda D. Roden in retaliation and to show retaliation due to C.O. Roden's relevancy to lawsuit case no. 1:22-cv-0061-BU in which she wrote the disciplinary case in which Captain Myisha S. Taylor violated my due process rights holding a hearing without my knowledge and presence September 27th 2021.

C. Ground Three : My rights under the United States Constitution's 8th amendment which prohibits cruel and unusual punishments was violated to acheive retaliation for lawsuit case no. 1:22-cv-00061-BU against Myisha S. Taylor and give me disciplinary case no. 20230040265

Fact #1: On October 27th 2022 I was given a disciplinary case no. 2023004-0265 in a continuos retaliation due to lawsuit case no. 1:22-cv-00061-BU on Myisha S. Taylor in which she violated my due process rights on September 27th 2021 and ran a court hearing on a disciplinary case written by C.O. Amanda without my knowledge or presence and as of October 27th 2022 conspired with C.O. Holman, Franklin and Massovema, Laurent to acheive retaliation through a false disciplinary case. The case ran by Taylor that violated my due process was in retaliation due to my family reporting a sepetember 16th occurence

of sexual harrassment by Audrey M. Freeman

Fact #2: On October 27th 2022 around 11:30am - 1:00pm as I was being locked up in retaliation for lawsuit 1:22-cv-00061-BV on false allegations by co-conspirators Franklin Holman and Laurent Massovema participating in a continuos retaliation with Myisha S. Taylor Captain Taylor was awaiting my arrival on the building's entrance where I was to be locked up 12 building, acknowledged she was retaliating due to this lawsuit and said she had a cell especially for me knowingly assisting Holman to place me in cell with a broken toilet overflowing with feces and urine on November 1st 2022 after I was moved from this cell with the broken toilet by unrelated officers (12 building B pod 58 cell) and as I was in 12 building B pod 59 cell you could see at 7:30 - 8:30 am maintenance fixing and repairing this toilet due to it being unable to flush and function.

Fact #3: Directly before my disciplinary hearing for case no. 20230040265 I was sexually harrassed, assaulted, threatned and my property was both destroyed and taken by Sergeant Preston A. Watts, C.O IV Terrance L. Frank and two other john doe officer's as these officers were conspiring with Myisha S. Taylor and my Disciplinary Hearing officer for case no. 20230040265 who Watts and Frank acknowledged orchestrated this retaliation to threaten me with bodily injury to drop my lawsuit case no 1:22-cv-00061-BV against Captain Myisha S. Taylor and watch my mouth regarding Taylor's retaliation regarding this disciplinary case on 12 building B pod 59 cell around 1:30 and 3:00 pm November 3rd 2022.

Fact #4: Charging officer Franklin Holman, my Disciplinary Hearing officer Alan W. Merchant and my counsel substitute Mollie Burnham conspired with Captain Myisha S. Taylor by Charging officer Holman for case no. 20230040265 accused false allegations to justify his case and gave the same false testimony on the recorder at my hearing which is he had seen me twice this day at his post by 7 chow hall and that I already ate. Date of allegations on disciplinary case by Holman being October 27th 2022 12:30pm

and false testimony was given by Holman at my hearing on November 3rd 2022. Mollie Burnham on November 1st 2022 denied the very evidence I needed of a camera review between 10:00AM to the time of offense occurrence on disciplinary case no. 20230040265 of 12:30pm at the time of notification on November 1st 2022 on 12 building B pod 59 cell around 9:50am is when Burnham denied my evidence. Burnham also denied this same evidence in the same manner at my disciplinary hearing saying I was only allowed 15 minutes prior or after 12:30 pm on the time of offense on disciplinary case no. 20230040265. Disciplinary Hearing Officer Alan Merchant denied this very same evidence of a camera review saying it was due to no audio. All of these employee's participated in a continues retaliation due to lawsuit case no. 1:22-CV-00061-BV against Taylor.

Fact #5: The conspiring of Myisha S. Taylor, Franklin Holman, Laurent Massovema, Mollie F. Burnham, Alan. W. Merchant, Preston A. Watts, Terrance L. Frank 2 John Doe's and other employee's to retaliate and give me disciplinary case no. 20230040265 due to a continuous retaliation due to a sexual harrassment report on Sergeant Audrey M. Freeman of a September 16th 2021 occurrence of sexual harrassment which lead to Myisha S. Taylor violating my due process rights in a September 27th 2021 disciplinary hearing in which she ran a disciplinary hearing on me without my knowledge or presence resulted in the current retaliation of October 27th 2022 of disciplinary case 20230040265 and resulted in my demotion to the most dangerous custody level of the prison G5 which houses violent inmates and puts my life in immenent danger at all times.

I declare under penalty of perjury all facts presented in this petition and its attachments thereto are true and correct.

Signature: Durand Tasu
Date: January 31st 2023
Address: French M. Robertson unit 12071 FM 3522 Abilene Texas 79601

RECEIVED
FEB 2 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

January 31st ~~February 1st~~ 2023

Dear,

Clerk may you please file this 2254 Habeas Corpus it's attachments of a declaration and I-60 with the court as soon as possible and please inform the court that I am attempting to proceed In Forma Pauperis as the court is already ~~~~ aware of my issues of getting my unit to comply with the proper forms and access to law library.

Respectfully Submitted
, Durand

Durand Toson #2206334
French M. Robertson Unit
12071 FM 3522
Abilene Texas 79601

Carbon Copied For Record
January 31st ~~February~~ 2023
Duranel Toson






United States District Court, Clerk
341 Pine Street Room 2008
Abilene Texas 79601

Special Mail Correspondence

RECEIVED
FEB 2 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Durand Tosom #2206334
French M. Robertson unit
12071 FM 3522
Abilene Texas 79601